NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID GASKINS,

          Plaintiff,

          v.

DETECTIVE CASEY, et al.,

          Defendants.

Civil Action No. 15-2840 (JLL)

**OPINION**

**LINARES**, District Judge:

Currently before the Court is Plaintiff David Gaskins' Complaint. (ECF No. 1). As Plaintiff has been granted *in forma pauperis* status, this Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to the statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. As Plaintiff's Complaint fails to state a claim for which relief can be granted, this Court will dismiss Plaintiff's Complaint without prejudice.

**I. BACKGROUND**

On December 29, 2014, Plaintiff, David Gaskins, filed a complaint raising claims against several state court judges, two prosecutors, and twenty police officers.[1] (No. 14-8088, ECF No. 1). On February 25, 2015, Judge Martini entered an order and opinion dismissing that initial complaint. (No. 14-8088, ECF Nos. 2, 3). In his opinion, Judge Martini found the judges and

---

[1] Plaintiff attached to this complaint some two hundred pages of documents from his state court criminal trial and appeal.

prosecutors immune and therefore dismissed the claims against them with prejudice. (*Id.*). Judge Martini also dismissed Plaintiff's claims against the officers, albeit without prejudice, because Plaintiff had pled no facts showing the officers personal involvement in the alleged violations of Plaintiff's rights, which had allegedly occurred when the state courts issued warrants to search and arrest Plaintiff. (No. 14-8088 at ECF No. 2 at 1-5). Because Judge Martini dismissed some claims without prejudice, he afforded Plaintiff thirty days within which to amend his complaint. (*Id.* at 5-6). Judge Martini specifically required, however, that any amendment be "complete on its face." (No. 14-8088, ECF No. 3 at 1).

On or about March 16, 2015, Plaintiff filed a purported amended complaint with Judge Martini. (No. 14-8088, ECF No. 5). In his proposed amended complaint, Plaintiff attempted to argue against the Court's dismissal of his claims against the prosecutors at length, but provided no basis for the Court to reconsider its decision to dismiss the prosecutors with prejudice. (No. 14-8088, ECF No. 5 at 1-13). In his purported amended complaint, Plaintiff made only the following allegation as to how the police officer and prosecutor defendants, who he did not specifically name in the amended complaint, had violated his rights: "pursuant to [a] conspiracy, the defendant[s] bribed, pressured or otherwise improperly caused witnesses to give untruthful, erroneous, incomplete and/or misleading statements and testimony against [Plaintiff] . . . which taken individually as well as together with other acts . . . were the direct and proximate cause of [Plaintiff's] wrongful and malicious prosecution . . . [which] deprived [Plaintiff] of his constitutional right 'not to be deprived of his liberty[.]'"[2] (*Id.* at 5-6). As these allegations were

---

[2] Plaintiff also reattached the approximately two hundred pages of trial court documents to his amended complaint, but made no effort to show how these unrelated documents showed that his rights had been violated.

2

made in relation to his arguments regarding the prosecutors, it is unclear whether Plaintiff wished to reassert this claim against the immune prosecutors, or to include in this "conspiracy" the police officer defendants. (*Id.*). As such, Judge Martini found that Plaintiff's amended complaint failed to correct the deficiencies in Plaintiff's original complaint and failed to state a claim for relief against the officers, the only defendants who had not been dismissed with prejudice. (No. 14-8088 at ECF No. 6). Judge Martini therefore dismissed the purported amended complaint without prejudice on March 23, 2015, and again permitted Plaintiff the opportunity to "file a final amended complaint, provided it complies with this Order and is complete on its face, within 30 days of the date of the entry of this Order[.]" (*Id.* at 2).

On or about April 14, 2015, Plaintiff filed the instant complaint in response to Judge Martini's March 23, 2015 Order. (ECF No. 1). Although Plaintiff placed the docket number of his prior case on his proposed amended complaint, the Clerk's office filed it as a new complaint and assigned it to this Court.[3] This Court initially terminated the complaint for failure to pay the required filing fee or file a complete *in forma pauperis* application under the assumption that this was a new complaint, rather than an attempt at filing an amended complaint in No. 14-8088. (ECF Nos. 2, 4). As Plaintiff has filed a complete *in forma pauperis* application, and as Judge Martini had granted him *in forma pauperis* status in No. 14-8088, this Court granted Plaintiff *in forma pauperis* status on September 3, 2015. (ECF No. 6). As such, this Court is required to review Plaintiff's Complaint/Amended Complaint.

In his Complaint, Plaintiff names numerous police officers as defendants including:

---

[3] This Court presumes this was done as Judge Martini is now on senior status and maintains a limited docket.

3

Detective Casey of the Newton or Trenton Police, Lt. Richards of the Newton Police, Detective C. Pokrywa of the Newton Police, Detective Elmo of the Newton Police, Detective Garrigan of the Newton Police, Detective Galinski of the Newton Police, State Trooper Bisl of the New Jersey State Police, Sco. Cole of an unnamed Sheriff's Department, Detective Muller of the Newton Police, Lt. Danyal Bachak of the Newton Police, and ten unknown officers associated with either the Newton Police or a sheriff's office. (ECF No. 1 at 2-10, 18). Plaintiff makes virtually identical allegations as to each and every Defendant: "[a]ffidavits and reports were written giving probable cause to issue [a] search warrant for Plaintiff, there was no C.I. that gave information for probable cause to issue a warrant[4] for Plaintiff's Arrest[,] violating [Plaintiff's] 4th, 8th, and 14th Amendment rights, N.J., Federal and United States Constitutions." (*Id.*). In addition to these allegations, Plaintiff adds only the following statement: "[t]his was a case headed for trial, many motions were filed pointing out all violations, the state could have dismissed the criminal matter before trial saving time and tax payer's dollars, they didn't, I went to trial and lost." (*Id.* at 21). Plaintiff also asks the Court to see his original two complaints and the two hundred pages of trial court documents he attached thereto which he alleges shows that he suffered "cruel and unusual punishment, [violations of a] doctrine of obligation, moral turpitude, abuse of rights doctrine, actionable per quod, actionable per se, adverse domination doctrine, civil investigation demand, equitable wrongs, libel and slander, actual malice, actual fraud, willful misconduct, malicious intent." (*Id.* at 21-22). Finally, Plaintiff attaches to his complaint five investigation reports, authored by a Public Defender's Office employee which sought to discern which officers had

---

[4] In some versions of this recitation, Plaintiff refers to this second warrant as a search warrant rather than an arrest warrant. (ECF No. 1 at 2-10, 18).

4

authored reports and when. (*Id.* at 13-17). Nothing in the reports appears to show any violation of Plaintiff's rights.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner who has been granted *in forma pauperis* status and raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[5] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d

---

[5] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

5

203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Analysis

Plaintiff seeks to make claims against Defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

The nature of the violation Plaintiff alleges has taken place is not entirely clear based on the vague and conclusory allegations he has provided, but it appears that Plaintiff wishes to raise claims for false arrest based on his assertion that no C.I. gave information in support of the arrest warrant issued against him. "To state a claim for false arrest [pursuant to 42 U.S.C. § 1983], a

6

plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Pol.*, 71 F.3d 480, 482 (3d Cir. 1995)). Here, Plaintiff provides no more than vague and conclusory allegations that "reports" were written, which led to a search warrant based on probable cause, and that there after "there was no C.I. that gave information for probable cause to issue a warrant for Plaintiff's arrest." (ECF No. 1 at 2, 8). Plaintiff provides no information as to which officers authored these reports, which reports if any were used as a basis for the arrest warrant, whether any of those reports referred to information obtained from a criminal informant, whether any such statements by a criminal informant were material to the finding of probable cause, or any other information which would support the contention that any of the named officers had any direct involvement in violating Plaintiff's rights. Plaintiff has at best provided the sort of unadorned, "the-defendant-unlawfully-harmed-me" allegations which the Supreme Court rejected as insufficient to state a claim for relief in *Iqbal*.[6] 556 U.S. at 678. Plaintiff's allegations therefore fail to state a claim for relief as to any of the newly named Defendants, and his claims against the officers must therefore be dismissed.[7]

---

[6] Plaintiff's attempts to incorporate by reference his previous complaints are unavailing. Not only have those previously dismissed complaints been dismissed for failure to state a claim, they contain no clear allegations against the Defendants named here, and certainly no allegations sufficient to state a claim for relief against these Defendants. In any event, as Plaintiff was ordered to file a complaint which was complete on its face by Judge Martini, his failure to plead sufficient facts in his new complaint, without reference to the dismissed complaints, warrants dismissal here.

[7] To the extent that Plaintiff wished to raise any state law claims, a point on which his complaint is not clear, this Court declines to exercise supplemental jurisdiction over them as this Court is dismissing Plaintiff's sole claim over

An additional issue arises out of the fact that Plaintiff's claims against these Defendants arises out of their conduct prior to his arrest. Presumably that arrest occurred prior to the creation of the investigator's reports Plaintiff attaches to his complaint which were authored as part of his criminal prosecution in 2010. (ECF No. 1 at 13-17). As the officer's actions apparently occurred prior to those 2010 reports, Plaintiff's claims also appear to be time barred. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (section 1983 claims in New Jersey are subject to a two year statute of limitations); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (cause of action under § 1983 accrues when plaintiff "knew or should have known of the injury upon which its action is based"). Because it is not clear from the complaint the exact dates involved, however, this Court does not rely on the time bar for the dismissal of Plaintiff's complaint.

This Court is confronted with one final issue in relation to Plaintiff's filing of complaints in the federal courts. Plaintiff filed the instant complaint *in forma pauperis*. Upon further review of Plaintiff's filing history, however, it appears that Plaintiff has, on three or more previous occasions, had an action, which was filed *in forma pauperis*, dismissed as frivolous, malicious, or for failure to state a claim. This Court notes that in 2012, Judge Martini denied Plaintiff *in forma pauperis* status as to one of his filings because he had previously filed three complaints while incarcerated, all of which had been dismissed for failure to state a claim: *Gaskins v. 17 Officers*, No. 09-1982; *Gaskins v. Unitg.*, No. 08-4522; and *Gaskins v. Untig.*, No. 08-3277. (*See Gaskins v. Hastings*, No. 12-7274, ECF No. 5 at 2). Petitioner has received another such dismissal through his complaints in this matter. (*See* No. 14-8088, ECF No. 2, 3, 6).

---

which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

8

Under the three strikes provision of the PLRA, "a prisoner may not 'bring a civil action or appeal a judgment in a civil action or proceeding' [*in forma pauperis*] if the prisoner has, on three or more prior occasions, had an action or appeal 'dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" *Ball v. Famiglio,* 726 F.3d 448, 455-56 (3d Cir. 2013) (quoting 28 U.S.C. § 1915(g)). As Plaintiff has had at least four of his actions filed *in forma pauperis* in this Court dismissed for failure to state a claim, he has more than three strikes for the purposes of § 1915(g), and, as such, is not entitled to file new actions *in forma pauperis* in this Court unless he can show that he is in imminent danger of serious physical injury. "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 467 (quotations omitted). The danger required for this exception to apply must be imminent "at the time the complaint or appeal is filed." *Id.* Plaintiff is therefore informed that he will not be permitted to file further matters *in forma pauperis* while incarcerated unless he pleads facts sufficient to show that he is in imminent danger at the time he files them.

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is dismissed for failure to state a claim for which relief may be granted. An appropriate Order follows.

Hon. Jose L. Linares,
United States District Judge